FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.

★ JUL 21 2014

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA D. TATUM,                         :
                                         :
                          Plaintiff,     :
                                         :    **MEMORANDUM & ORDER**
           -against-                     :
                                         :
PORT TICKET SALES, INC., UNITED          :    13-cv-2273 (ENV) (LB)
TRANSPORTATION UNION LOCAL 1582,         :
and UNITED TRANSPORTATION UNION,         :
                                         :
                          Defendants.    :
----------------------------------------------------------------X


----------------------------------------------------------------X
ANGELA D. TATUM,                         :
                                         :
                          Plaintiff,     :
                                         :
           -against-                     :
                                         :    14-cv-3271 (ENV) (LB)
PORT TICKET SALES, INC. and UNITED       :
TRANSPORTATION UNION LOCAL 1582,         :
                                         :
                          Defendants.    :
----------------------------------------------------------------X

VITALIANO, D.J.,

On April 15, 2013, *pro se* plaintiff Angela D. Tatum filed a lawsuit against her

employer, Port Ticket Sales, Inc. ("PTS"), and her union, United Transportation

Union ("UTU"). The gravamen of her 2013 complaint was that defendants failed to

follow proper procedures, provided for in their collective bargaining agreement, in

a series of disciplinary proceedings against plaintiff for tardiness. Fully-briefed

motions to dismiss that complaint were filed on November 11, 2013.

1

In the interim between complaint filings, Tatum continued to be disciplined for tardiness, and her employment was, in fact, terminated on August 21, 2013, months before defendants' motions to dismiss were filed. Unsurprisingly, Tatum also found fault in the procedures employed by defendants in those subsequent proceedings. However, in lieu of attempting to amend her 2013 complaint in order to update her list of allegations against defendants, Tatum filed a new complaint on May 27, 2014. The motions to dismiss her first complaint were *sub judice* at that time. Defendants, apparently, have yet to be served with this second complaint.

It goes without saying, of course, that, when a plaintiff proceeds without legal representation, as Tatum does, a court must regard that party's pleadings in a more liberal light, affording the pro se litigant's pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006). In the interests of justice and judicial economy, the Court liberally construes Tatum's 2014 filing as an application to amend her 2013 complaint, notwithstanding that a second docket has been opened. *See Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273 (N.D.N.Y. 2012) ("Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss'").

In the exercise of discretion, the Court grants leave to amend the complaint in the 2013 action. The Clerk of Court is directed to transfer the papers filed in the 2014 action and file them on the 2013 docket. The complaint in the 2013 action will be deemed amended to add the claims newly alleged in the 2014 action. Defendants'

2

pending motions to dismiss the 2013 complaint are denied without prejudice, and with leave to renew on the same papers, as supplemented by any additional briefing the parties wish to direct at the fresh allegations advanced in Tatum's 2014 complaint. The parties are directed to contact Magistrate Judge Bloom to develop a scheduling order for the filing of a formal amended complaint, the service of supplemental briefing, and the bundled filing of renewed motions to dismiss.

## Conclusion

For the foregoing reasons, defendants' motions to dismiss the 2013 action are denied without prejudice and with leave to renew in accord with the terms of this Order. Plaintiff's complaint in the 2014 action will be deemed to amend her 2013 complaint, incorporating the allegations of her 2014 complaint. The complaint in the 2014 action is dismissed without prejudice. The parties are directed to contact Magistrate Judge Bloom to arrange for the filing of a scheduling order with respect to a formal filing of the newly amended complaint and the briefing of the renewed motions to dismiss. Tatum's amended complaint shall be captioned: "Second Amended Complaint," and bear the docket number of her original 2013 case (No. 13-cv-2273).

The Clerk of Court is directed to administratively close plaintiff's 2014 case (No. 14-cv-3271).

SO ORDERED.

Dated:    Brooklyn, New York
          July 11, 2014

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

3